IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

BILLY E. ELMORE AND
ELIZABETH ANNE ELMORE                                                                          PLAINTIFFS

V.                                                  CIVIL ACTION NO. 1:19-cv-00679-KS-RHW

BRIAN MORRIS, MARTIN KALIN and
TRISTEN ARMER, in his capacity as
Substitute Trustee                                                                DEFENDANTS

## **ORDER**

This cause came before the Court on Plaintiffs' Motion to Remand [7] filed on October 22, 2019. Defendants responded [9, 10], and Plaintiff chose not to reply. Having reviewed the parties' submissions, the pleadings, and the relevant legal authorities, the Court finds the motion is not well taken and will be denied.

According to Plaintiffs this case arises from a foreclosure on real property located in Jackson County, Mississippi and whether the foreclosure should be set aside. Plaintiff claims this Court has no subject matter jurisdiction based on diversity because there is no amount in controversy that exceeds $75,000.00 because the Complaint filed is not one in which damages are sought. Plaintiffs state that the Defendants allege to have ownership interests.

Under the removal statute, if removal is sought on the basis of diversity jurisdiction, the notice of removal may assert the amount in controversy if the initial pleading seeks nonmonetary relief. *See* 28 U.S.C. § 1446 (c)(2)(A)(i). In its removal papers Defendants contend that the jurisdictional amount is satisfied because "the Defendants' First Deed of Trust secures a promissory note of $500,000 and Plaintiffs' Second Deed of Trust secures a promissory note of $380,000." [1] at ¶ 12. Removal is proper on the amount asserted by Defendants if the Court

finds by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1446 (c)(2)(B).

Plaintiffs do not dispute the diversity of citizenship of the parties and takes issue only with the amount in controversy. Plaintiffs contend that jurisdiction lies solely with the Chancery Court where the real estate is situated. However, the jurisdiction set forth in the Mississippi Constitution is only as to the proper court for jurisdiction among the various state courts, not as between state and federal jurisdiction.

Although the Compliant is not a model of clarity as to precisely what causes of action are being brought, it does appear to seek injunctive and declaratory relief in seeking to set aside a foreclosure. Defendants are correct that "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Farkas v. GMAC Mortg., L.L.C.,* 737 F.3d 338, 341 (5th Cir. 2013) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977) in an action to stop a foreclosure); *see also Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). Indeed, this Court has previously found that the amount in controversy was satisfied in a case involving an injunction and declaratory relief from a foreclosure based on the plaintiff's allegations that the value of the real property at issue was "at least $146,250." *See Smith v. HomeComings Fin., LLC*, No. 1:14-cv-345, 2015 U.S. Dist. LEXIS 69878, at *9 (S.D. Miss. May 29, 2015).

In this case, Plaintiffs' Complaint states that Shadow Ridge Farms, LLC paid Plaintiff $120,000 toward a purchase price of $500,000 as Plaintiffs provided owner financing in the amount of $380,000. [1-1] at V. The exhibits to the Complaint also show the foreclosure price at the foreclosure, which the Plaintiffs seek to set aside, was for $400,000. [1-1] at Ex. A, at p. 14. Given these allegations and documents, as well as the evidence presented by Defendants,[1] the

---

[1] Defendants submitted deposition transcripts, contracts and appraisals. *See* [10] at Exs. 1-7.

Court finds, pursuant to 28 U.S.C. § 1446 (c)(2)(B), that Defendants have proven by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000. As such, the Court has proper diversity jurisdiction under 28 U.S.C. § 1332.

THEREFORE, IT IS HEREBY ORDERED that Plaintiffs' Motion to Remand [7] is hereby DENIED.

Also, it is ORDERED that the stay entered on October 23, 2019 [8] is hereby lifted.

It is FURTHER ORDERED that Plaintiffs shall file responses to the pending Motion to Consolidate Cases [3] and Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) and the Claims Splitting Bar [5] **on or before February 10, 2020**. Defendants may file a reply as to each response on or before **February 17, 2020**.

SO ORDERED AND ADJUDGED this 27th day of January 2020.

                                                                             _____
                                                                             KEITH STARRETT
                                                                             UNITED STATES DISTRICT JUDGE